IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-00120-PAB

RONNIE FISCHER,

    Plaintiff,

v.

BMW OF NORTH AMERICA, LLC,
BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT,
E.A. STORZ GMBH & CO. KG, and
BOSAL INTERNATIONAL NV,

    Defendants.

---

**ORDER TO SHOW CAUSE**

---

    The Court takes up this matter *sua sponte* on the complaint [Docket No. 1]. Plaintiff states that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 7.[1]

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the

---

[1]Although plaintiff is proceeding *pro se*, he is also a registered attorney in the State of Colorado.

Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently alleged are insufficient to establish the parties' citizenship.

Plaintiff states that he "resides in Denver, Colorado." Docket No. 1 at 1, ¶ 1. He further alleges that defendants are: (1) BMW of North America, LLC, a "corporation organized and existing under the laws of the State of Delaware with a principal street and mailing address in the State of New Jersey"; (2) Bayerische Motoren Werke Aktiengesellschaft ("BMW AG"), "a corporation organized and existing under the laws of the Federal Republic of Germany"; (3) E.A. Storz GmbH & Co. KG ("Storz"), "a

2

corporation organized and existing under the laws of the Federal Republic of Germany"; and (4) Bosal International N.V., a "corporation organized and existing under the laws of Belgium." *Id.* at 1-2, ¶¶ 2-6.  These allegations are insufficient to enable the Court to determine the parties' citizenship.  First, domicile, not residency or mailing address, is determinative of citizenship.  *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)).  Thus, for purposes of diversity jurisdiction, plaintiff's assertion that he "resides in Denver" is not relevant.  Second, although plaintiff alleges that BMW of North America, LLC is a corporation, its name suggests that plaintiff is incorrect.  The inclusion of "LLC" in its name suggests that it is a limited liability company, not a corporation.  The citizenship of an LLC is determined not by its state of organization or principal place of business, but by the citizenship of all of its members.  *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015).  Because plaintiff has not stated the identity and citizenship of BMW of North America, LLC's members, the Court cannot determine BMW of North America, LLC's citizenship.

Finally, plaintiff claims that defendants BMW AG, Storz, and Bosal International N.V. are corporations organized and existing under the laws of Germany (BMW AG and Storz) and Belgium (Bosal International); however, plaintiff does not identify defendants' principal places of business.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be

deemed to be a citizen of every State and foreign state by which it has been incorporated *and of the State or foreign state where it has its principal place of business . . . .*" (emphasis added)).[2]

Because the Court is currently unable to determine the citizenship of the parties and whether the Court has jurisdiction, it is

**ORDERED** that, on or before **5:00 p.m.** on **May 11, 2018**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED May 3, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[2]Plaintiff alleges, on "information and belief," that BMW of North America, LLC is a subsidiary of BMW AG. Docket No. 1 at 2, ¶ 4. Although this particular allegation does not necessarily bear on the Court's jurisdictional determination, plaintiff is advised that allegations based on "information and belief" are insufficient to confer subject matter jurisdiction. *See Yates v. Portofino Real Estate Props. Co., LLC*, No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiffs to address defendant's citizenship "without resorting merely to their 'information and belief' as to the same"); *U.S. Fire Ins. Co.*, 2009 WL 2338116, at *3 (interpreting allegations based on "information and belief" to "mean that plaintiffs have no affirmative knowledge of a lack of diversity").