IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00120-PAB-MEH

RONNIE FISCHER, individually,

      Plaintiff,

v.

BMW OF NORTH AMERICA, L.L.C., a Delaware Company,

      Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant's Motion for Summary Judgment [Docket No. 110] filed on January 13, 2020.  On February 3, 2020, plaintiff responded to the motion,[1] Docket No. 111, to which defendant replied on February 18, 2020. Docket No. 113.  The Court has jurisdiction under 28 U.S.C. § 1332.

**I.  BACKGROUND**[2]

On January 14, 2016, plaintiff Ronnie Fischer attempted to change a flat tire on a 2003 BMW 330xi sedan in Denver, Colorado.[3]  Docket No. 110 at 2-3, ¶¶ 1, 7.  To facilitate the changing of the tire, plaintiff used the jack provided with the vehicle to

---

[1] Although plaintiff is proceeding *pro se*, he is not entitled to a liberal construction of his pleadings because he is a licensed attorney.  *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

[2] The following facts are undisputed unless otherwise noted.

[3] The vehicle belonged to Danial Shupe, who had purchased the vehicle on or about August 22, 2006.  Docket No. 110 at 2, ¶ 4.  A dealer sold the vehicle to the original purchaser on or about July 17, 2003.  *Id.*, ¶ 3.

raise the vehicle's front right portion.  *Id.* at 3, ¶¶ 7, 14.  Plaintiff removed the flat tire and placed the spare tire on the wheel hub.  *Id.* at 4, ¶ 15.  While plaintiff was tightening the lug bolt on the spare tire, the vehicle fell off of the jack.  Docket No. 111 at 6, ¶ 5.  The vehicle landed on plaintiff's hand, crushing and severing a portion of his middle finger.  *Id.* at 6-7, ¶ 7.

Plaintiff had reviewed the portions of the vehicle's owner's manual that provided instructions for changing the vehicle's tires.  Docket No. 110 at 3, ¶ 8.  Plaintiff understood that he was to place the vehicle in park and apply the parking break prior to employing the jack.  *Id.*, ¶¶ 10-11.  Plaintiff believes that he properly placed the jack within the jacking point in raising the vehicle.  *Id.*, ¶ 12.  Plaintiff did not use the wheel chock provided with the vehicle.  *Id.*, ¶ 13.[4]

Plaintiff filed this lawsuit on January 16, 2018, Docket No. 1, and filed a second amended complaint on October 28, 2019.  Docket No. 96.  Plaintiff raises claims of (1) strict product liability; (2) negligence; and (3) breach of warranties.[5]  *Id.* at 4-8.  In the course of the litigation, plaintiff designated an expert, Dr. Aaron Lalley, to address the liability issues in this case, including the jack's design, construction, manufacturing, and performance.  Docket No. 110 at 5, ¶ 24.  On March 10, 2020, the Court granted

---

[4] Plaintiff admits that he did not use the chock, but states that the owner's manual provided that the chock only needs to be used if the vehicle is on an incline, which the car was not.  Docket No. 111 at 3, ¶ 13.  The Court finds that this dispute of fact is not material.

[5] Plaintiff alleges both a breach of the implied warranty of merchantibility and a breach of the implied warranty of fitness for a particular purpose.  Docket No. 96 at 8, ¶ 37.

defendant's Rule 702 motion regarding certain of Dr. Lalley's opinions [Docket No. 82] and excluded five of them: (1) his opinion that the BMW jack had a design defect that rendered it unstable relative to other jacks; (2) his opinion that the jack had a design defect that created a pinch point between the lug wrench and the ground; (3) his opinion that the jack's design team compromised safety in the interest of cost or space reduction; (4) his opinion that the design team included additional instructions in the owner's manual to compensate for purported shortcomings; and (5) his opinion that a design flaw caused the jack to fail. Docket No. 118 at 5, 17. The parties completed their summary judgment briefing before the Court ruled on defendant's Rule 702 motion. Neither party moved to file supplemental briefing in light of the Court's order.

Defendant moves for summary judgment on each of plaintiff's claims, arguing that, due to the unreliability of Dr. Lalley's expert testimony, plaintiff cannot put forth competent evidence demonstrating that the jack was defective or that there was a causal connection between any defect in the jack design and the January 14, 2016 incident. Docket No. 110 at 1-2. In addition, it argues that plaintiff understood the warnings provided with the jack and that the warnings were not defective, and asserts that plaintiff's breach of warranties claim is barred by the statute of limitations. *Id.* at 2.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if

under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotation marks omitted) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

4

### III.  ANALYSIS

Defendant argues that it is entitled to summary judgment because (1) plaintiff cannot put forth evidence demonstrating that the jack was defective; and (2) plaintiff cannot put forth evidence demonstrating that any alleged defect caused plaintiff's injuries.  Docket No. 110 at 1-2.  In the alternative, defendant argues that plaintiff's breach of warranty claim is time-barred, and that the warnings provided with the jack were not defective.  *Id.* at 2.

Plaintiff's sole liability expert, Dr. Lalley, opined in his expert report that there were two primary flaws in the jack's design: first, the jack's "relatively small base . . . relative to typical jacks," and second, the jack's "multicomponent snap together plastic upper platform as apposed to a steel fixed pin upper platform used in typical jacks." Docket No. 111-2 at 1.  In Dr. Lalley's opinion, the design defects rendered the jack unstable, which resulted in the BMW jack having a force tip-over point that was approximately half of those found in typical jack designs.  *Id.*  Dr. Lalley also identified a "secondary" flaw in the design of the jack in that the lug wrench provided with the jack was flawed; specifically, Dr. Lalley opined that the handle of the lug wrench was angled in a way that creates a "pinch point" between the lug wrench and the ground when the lug wrench is in use.  *Id.*  In its Rule 702 motion, defendant sought to exclude these opinions.  Docket No. 82 at 2.  The Court granted defendant's motion and excluded each of those opinions.  Docket No. 118.

Defendant argues that, because plaintiff cannot put forth any expert testimony of a design defect, it is entitled to summary judgment on all of plaintiff's claims.  Docket

No. 110 at 8.  Plaintiff – filing his response before the Court's order excluding Dr. Lalley's opinions was issued – argues that "Dr. Lalley's opinions are sufficient to raise a genuine issue of material fact."  Docket No. 111 at 9; *see also id.* at 13 ("Dr. Lalley's expert reports and deposition testimony set forth competent evidence that the Jack has several design defects that caused the Jack and vehicle to tip over.").  Plaintiff points to a number of opinion statements from Dr. Lalley in support of his argument.  *See id.* at 10-11.  However, these opinions all relate to Dr. Lalley's overarching opinion that the jack contains two design flaws – the jack's narrow base and its plastic upper platform – which the Court has excluded as unreliable.  *See id.*; *see also* Docket No. 118 at 5-11.  Thus, plaintiff can offer no expert testimony that the jack was defectively designed, and plaintiff does not argue that any evidence other than Dr. Lalley's opinions could establish a design defect so as to create a genuine issue of material fact for trial.  *See generally* Docket No. 111.

Each of plaintiff's claims – strict liability, negligence, and breach of warranties – requires plaintiff to prove a design defect.[6]  *Hauck v. Michelin N. Am., Inc.*, 343 F. Supp. 2d 976, 987 (D. Colo. 2004); *see also* Colo. Jury Instr., Civil §§ 14:1 (strict product liability), 14:10 (breach of warranty of merchantability), 14:13 (breach of warranty of fitness), and 14:17 (negligence).  In Colorado, expert testimony is required to prove an issue "where the issue does not lie within the ambit of common knowledge of ordinary persons."  *Park Rise Homeowners Ass'n, Inc. v. Res. Const. Co.*, 155 P.3d

---

[6] As set forth below, even the allegations in plaintiff's strict liability and negligence claims concerning an alleged failure to warn contemplate a finding of a design defect.

427, 430 (Colo. App. 2006).  Whether or not the jack was defectively designed is a matter that is beyond the ambit of common knowledge or experience of ordinary persons and is thus an issue for which expert testimony is required.  *Hauck*, 343 F. Supp. 2d at 988 (finding that an alleged manufacturing defect in a tire was beyond the ambit of common knowledge of ordinary persons); *see also* Owen & Davis on Prod. Liab. § 7:19 (4th ed.) ("Expert testimony regarding the defective condition of a product, in other words, how it fails to meet the manufacturer's design specifications, is often critical."); *Shultz v. Linden-Alimak, Inc.*, 734 P.2d 146, 148-49 (Colo. App. 1986) ("[T]he occurrence of an accident in connection with the use of a product does not necessarily make the product defective and unreasonably dangerous.").  Because plaintiff's sole liability expert's opinions concerning a design defect have been excluded, *see* Docket No. 118, *see also* Docket No. 111-2 at 1-2 (Dr. Lalley's expert report setting forth only three purported design defects, each of which is the subject of an opinion that has been excluded), the Court finds that defendant has met its burden of "identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman*, 252 F.3d at 1115.  By failing to identify any other evidence which might support a finding of a design defect, plaintiff has not met his burden of "demonstrat[ing] a genuine issue for trial on a material matter" so as to preclude summary judgment. *Concrete Works*, 36 F.3d at 1518.

Plaintiff nevertheless argues that, with respect to his failure-to-warn allegations, he can rely on Dr. Lalley's testimony to prove his claims.  Docket No. 111 at 16. Plaintiff does not bring a separate failure-to-warn claim; rather, he asserts failure-to-

warn allegations within his strict liability and negligence claims.  *See* Docket No. 96 at 5-6, ¶ 27; *id.* at 7-8, ¶ 35.  However, even under a failure-to-warn theory, plaintiff's claims necessarily require a finding that the jack was defectively designed.  Plaintiff's claims are premised on an alleged design defect, *see id.* at 6, ¶ 27f; *id.* at 8, ¶ 35f (alleging that the jack was defective in that it contained "[n]o warnings or inadequate warnings . . . about the risks, dangers, and harms presented by the Jack," but asserting that the risks, dangers, and harms presented by the Jack were due to a design defect), and plaintiff continues to rely on Dr. Lalley's now-excluded opinions to support his claims and arguments.  In fact, plaintiff argues that, based on Dr. Lalley's testimony "as to how the Jack works and why it is dangerous," the jury will be able to "understand the insufficiency of the warning that simply changing a tire with this Jack could result in the vehicle falling off the Jack, resulting in a tip over."  Docket No. 111 at 16; *see also id.* (asserting that "the risk of a vehicle falling on a person, *due to Jack design*, without any warnings, is an unreasonable risk of injury." (emphasis added)).  Thus, because plaintiff's failure-to-warn theory relies on a finding that the jack was inherently defective, plaintiff's failure-to-warn allegations are inseparable from his overarching claims of a design defect.  *Cf. Lynch v. Olympus America, Inc.*, 2018 WL 5619327, at *12 (D. Colo. Oct. 30, 2018) (finding that a plaintiff's failure-to-warn claim that "[began] with the premise" that a device was defectively designed "[was], in essence," a design-defect claim).  As plaintiff appears to concede, *see* Docket No. 111 at 16, to succeed on his claims under a failure-to-warn theory, plaintiff would need to prove that the jack was defectively designed; to do so, he would need expert testimony, which plaintiff

does not have.

For these reasons, the Court finds that summary judgment in favor of defendant on each of plaintiff's claims is proper here.  *See Hauck*, 343 F. Supp. 2d at 989 ("As [the expert] testimony has been excluded by virtue of this Court's ruling on the defendant's *Daubert* motion, there is insufficient evidence to allow plaintiff's claims of strict liability, negligence or breach of warranty of merchantability to go to trial."); *see also Squires ex rel. Squires v. Goodwin*, 829 F. Supp. 2d 1041, 1061 (D. Colo. 2011) (granting defendant's motion for summary judgment in products liability case because, "[i]n the absence of any evidence, save for the inadmissible opinions of Mr. Gale, Plaintiff has failed to raise a genuine issue of material fact that would warrant proceeding to trial on her Sixth, Seventh, Eighth and Ninth Claims for Relief."); *Rodgers v. Beechcraft Corp.*, 759 F. App'x 646, 680 (10th Cir. 2018) (unpublished) (applying Oklahoma law and stating that "[a]ll of Appellants' expert testimony on alleged design defects in the alternate landing gear was excluded, so there is no basis on which to establish design flaw").  For this reason, the Court will grant defendant's motion for summary judgment.[7]

---

[7] Even if plaintiff could set forth competent evidence of a design defect without expert testimony, summary judgment in favor of defendant would still be appropriate. To succeed on each of his claims, plaintiff would need to prove a causal connection between the defect and his injuries.  *Nash v. Wal-Mart Stores, Inc.*, No. 15-cv-02330-RM-MEH, 2017 WL 5188339, at *9 (D. Colo. Feb. 15, 2017), *aff'd*, 709 F. App'x 509 (10th Cir. 2017) (unpublished).  "In Colorado, a plaintiff must establish causation beyond 'mere possibility or speculation.'"  *Id.* (quoting *Truck Ins. Exch. v. MagneTek, Inc.*, 360 F.3d 1206, 1215 (10th Cir. 2004)).  "Expert testimony is required to prove causation when proof of causation requires answering technical questions which are outside the experience of the average layperson."  *Id.*  Here, where plaintiff argues that the jack's defective design rendered it unable to support the weight of the car, which

## IV.  CONCLUSION

For these reasons, it is

 **ORDERED** Defendant's Motion for Summary Judgment [Docket No. 110] is

**GRANTED**.  It is further

**ORDERED** that plaintiff's claims are dismissed with prejudice.  It is further

**ORDERED** that judgment shall enter in favor of defendant and against plaintiff.

It is further

**ORDERED** that, within 14 days of the entry of this order, defendant may have its

costs by filing a bill of costs with the Clerk of Court.  It is further

**ORDERED** that this case is closed.


DATED September 29, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

caused the car to fall and injure plaintiff, *see, e.g.*, Docket No. 96 at 5-6, ¶¶ 27, 31,
expert testimony would be required to answer such technical questions. *Nash*, 2017
WL 5188339, at *10 (finding that "the technical design load capacity" of a ladder
required special industry knowledge).  Because Dr. Lalley's causation opinion was
excluded, *see* Docket No. 118 at 16, plaintiff can offer no competent evidence
establishing the requisite element of causation.  Thus, summary judgment would also
be proper on this basis.